```
Jane Doe
Mail: #777472
4285 Payne Ave,
San Jose, CA 95117
Plaintiff in Pro Per
```

FILED
DEC 28 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, Does 1-10
    Plaintiff

vs.

MARLENE DEHLINGER, CITY OF CUPERTINO, Does 1-50
    Defendant,

Case No. CV23-6657 NC

COMPLAINT FOR DAMAGES

DEMAND FOR JURY TRIAL

**COMES NOW PLAINTIFF** Jane Doe, an individual ("PLAINTIFF"), a Chinese American, who sets forth the following causes of action against Defendants Marlene Dehlinger, an individual ("MARLENE"), from Shute, Mihaly & Weinberger, LLP/ (SMW) and the CITY OF CUPERTINO ("CITY"), a municipal entity, and each of them, and who alleges as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case involves at least one federal question, namely, it alleges that Defendant/s and CITY are liable for damages under 42 USC § 1983. It also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties in this case are completely diverse (see Paragraphs 3,4, *infra*) and the matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy–Five Thousand Dollars. Further, the Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

### VENUE

2. The allegations sued upon herein arose in Cupertino, California. Venue therefore lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

3. PLAINTIFF is a victim, who has twice loss of property and belongings without notice and mercilessly re-victimized and savagely dragged through a public defaming by City, Attorney Dehlinger, an actress with a bully pulpit, who committed her misdeeds in both her official and unofficial capacities.

4. Doe PLAINTIFF's true name and address set forth in letters Jane Doe to protect to be further victimized.

5. She was at all relevant times, residing and domiciled in the state of California.

[COMPLAINT]    - 1

6. PLAINTIFF is informed and believes and based thereon alleges that Defendant Marlene Dehlinger was and now is an individual residing and domiciled in California and Oregon, employed by Defendant CITY.

7. PLAINTIFF is informed and believes and based thereon alleges that Defendant CITY was and now is a municipal entity organized and existing under the laws of the State of California.

8. MALENE and the CITY are referred to herein collectively as the "DEFENDANTS."

9. PLAINTIFF is informed and believes and based thereon alleges that, at all times mentioned, MARLENE in doing the things herein mentioned, was acting within the scope of her authority as an agent and employee with the permission and consent of CITY.

## STATEMENT OF FACTS

10. Start year 2016, property belongings taken away again and again without notice in private resident lot. no direct neighbor issue, could not be seen from the street; told by city what to do even got permit; similar ones got no problem in rest of the city and world; now misled scc (cupertino) court. Only one

11. complaint /each taken away but saying repeatedly filed, all defaulted, not allow to appeal; nonstop retaliation, persecution, prosecution, no requested communication from City last several months, no intention to settle even PLINATIFF has most reasonable language on this type matter rather further inhumanly victimize the PLAINTIFF, which is unprecedented treated by the CITY,

12. From beginning of 23', after months of informing city to take the private information down and out from the filing and not to file again, city repeatedly ignore the notices

13. Every filing with the court, the party needs to check the box on redact as shown here: **IMPORTANT NOTICE OF REDACTION RESPONSIBILITY:** All filers must redact: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; and in criminal cases, home addresses in compliance with Fed. R. App. P. 25(a)(5), Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, or Fed. R. Bankr. P. 9037. This requirement applies to all documents, including attachments.

14. Nevertheless, City and outside law firm still ignores. Filed again and again in district and superior court in Mar, 23', April, to June 23' with court states the personal information

15. Filed claim on and about May June 1 and June 14, 23' to City claiming starting beginning of 22' to then, and received letter.

16. Meanwhile, also got death threats; witness Kyle and police report.

17. On and about June 23' to present, City misled court, illegally and excessively persecute and prosecute to label Jane Doe, and still have private personal data published out, violated fourteen amendment; could not protect self and family, further put PLAINTIFF into financial peril, further deprive rights,

18. PLAINTIFF is informed and believes and based thereon alleges that CITY is vicariously liable for Marlene's conduct as alleged herein due to the fact that at all relevant times mentioned herein, she was acting as an Attorney for the CITY and not as a private citizen.

19. As a direct result of DEFENDANT's campaign of intimidation and harassment, and in order to avoid continued harassment by Marlene and her sycophants, PLAINTIFF and family are forced to give up her rights and fear for her wellbeing.

20. PLAINTIFF is informed and believes and based thereon alleges that, in engaging in the conduct alleged herein, DEFENDANTS acted with the intent to injure, vex, annoy and harass PLAINTIFF, subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF'S rights, and intentionally misrepresented and concealed material facts known to the DEFENDANTS with the intention on the part of the DEFENDANTS of thereby depriving PLAINTIFF of her legal rights and otherwise cause PLAINTIFF injury.

21. On and about June 27, City sent letter denied claim and informed that we could file with the court action. The personal information is still in the court and on the files they sent to us. (Ext 1)

## FIRST CAUSE OF ACTION

### Violations of 42 U.S.C. § 1983

### (As Against All)

22. PLAINTIFF incorporates by reference the above paragraph as though fully stated herein:

23. DEFENDANT's harassment of PLAINTIFF violated her First Amendment constitutional right to petition the government for redress of grievances by further intimidating PLAINTIFF into silence and bar Plaintiff to protect family

24. DEFENDANT's harassment of PLAINTIFF violated her due process rights by presenting a public face of the City Attorney's Office under which she would not receive fair treatment from them or anyone else at the CITY.

25. As a direct and proximate result of the DEFENDANTS' conduct alleged herein, PLAINTIFF has suffered general and special damages including, without limitation, harm to PLAINTIFF'S reputation, emotional distress, expense related to medical treatment concerning health issues, including but not limited to surgery suffered as a result of the stress and trauma caused by defendants, expense incurred in defense and repair of her lost earnings, and other pecuniary loss, all of which are in excess of $75,000.

26. The conduct of Defendants was intentional, malicious, oppressive, fraudulent, despicable, and done without regard for the rights, health, and safety, and financial concern of Plaintiff in that they subject Plaintiff to cruel and unjust hardship. Therefore, Plaintiff prays for an award of exemplary damages to deter such future conduct on the part of Defendants.

27. THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

## SECOND CAUSE OF ACTION

### Public Disclosure Invasion of Privacy

### (As Against All)

28. PLAINTIFF incorporates by reference the above paragraph as though fully stated herein:

29. DEFENDANT's publication of personal details, including information about PLAINTIFF'S personal data, from PLAINTIFF'S unredacted form constituted a public disclosure of private facts and was highly offensive and objectionable, judged by a reasonable person standard.

30. The conduct of Defendants was intentional, malicious, oppressive, fraudulent, despicable, and done without regard for the rights, health, and safety, and financial concern of Plaintiff in that they subject Plaintiff to cruel and unjust hardship. Therefore, Plaintiff prays for an award of exemplary damages to deter such future conduct on the part of Defendants.

31. THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

## THIRD CAUSE OF ACTION

### False Light Invasion of Privacy

### (As Against All)

32. PLAINTIFF incorporates by reference the above paragraph as though fully stated herein:

33. By consistently and relentlessly painting PLAINTIFF as litigate, not have permit, which told not to, but got it, as self-absorbed, and by relentlessly asking everyone who would listen why PLAINTIFF followed the City's guidance, still ill-treated, unfairly targeted; Marlene and City placed PLAINTIFF in a highly offensive false light; instead of the victim of the local government overreach, Marlene intended to paint PLAINTIFF as the perpetrator of fraudulent allegations.

34. PLAINTIFF is informed and believes and based thereon alleges that Marleen knew of or acted in reckless disregard as to the falsity of her statements and as to the false light in which PLAINTIFF was placed.

35. The conduct of Defendants was intentional, malicious, oppressive, fraudulent, despicable, and done without regard for the rights, health, and safety, and financial concern of Plaintiff in that they subject Plaintiff to cruel and unjust hardship. Therefore, Plaintiff prays for an award of exemplary damages to deter such future conduct on the part of Defendants.

36. THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

## FOURTH CAUSE OF ACTION

## Defamation

### (As Against All)

37. PLAINTIFF incorporates by reference the above paragraph as though fully stated herein:
38. PLAINTIFF is informed and believes and based thereon alleges that even though PLAINTIFF is not a "public official" or "public figure" (and thus a showing of "actual malice" is not required by the First Amendment), that DEFENDANT did make the aforementioned statements either knowing they were false or in reckless disregard of the truth and with actual malice, hatred and ill will.
39. As a direct and proximate result of the DEFENDANTS' conduct alleged herein, PLAINTIFF has suffered general and special damages including, without limitation, harm to PLAINTIFF'S reputation, emotional distress, expense related to medical treatment concerning health issues, including but not limited to surgery suffered as a result of the stress and trauma caused by defendants, expense incurred in defense and repair of her lost earnings, and other pecuniary loss, all of which are in excess of $75,000.
40. THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (As Against All)

41. PLAINTIFF incorporates by reference the above paragraph as though fully stated herein:
42. DEFENDANT'S intentional and/or reckless campaign of defamatory harassment against PLAINTIFF and intentional and/or reckless disclosure of PLAINTIFF's sensitive personal information on court websites, various communication channels, as judged by a reasonable person standard, beyond the bounds of decency and is therefore extreme and outrageous conduct.
43. As a direct and proximate result of the DEFENDANTS' conduct alleged herein, PLAINTIFF has suffered general and special damages including, without limitation, harm to PLAINTIFF'S reputation, emotional distress, expense related to medical treatment concerning health issues, including but not limited to surgery suffered as a result of the stress and trauma caused by defendants, expense incurred in defense and repair of her lost earnings, and other pecuniary loss, all of which are in excess of $75,000.
44. THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

## SIXTH CAUSE OF ACTION

### Negligence

### (As Against All)

45. PLAINTIFF incorporates by reference the above paragraph as though fully stated herein

46. As imposed by statute (California Civil Code § 1798.85) and Federal Rule of Civil Procedure 5.2, and under common law, MARLENE had an affirmative duty to redact or otherwise ensure that she did not publicly display PLAINTIFF's private data ion and other exploitable personal information.
47. By nevertheless displaying PLAINTIFF's unredacted personal data DEFENDANT breached her duties to PLAINTIFF.
48. As a direct and proximate result of the DEFENDANTS' conduct alleged herein, PLAINTIFF has suffered general and special damages including, without limitation, harm to PLAINTIFF'S reputation, emotional distress, expense related to medical treatment concerning health issues, including but not limited to surgery suffered as a result of the stress and trauma caused by defendants, expense incurred in defense and repair of her lost earnings, and other pecuniary loss, all of which are in excess of $75,000.
49. THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

## SEVENTH CAUSE OF ACTION

### Negligent Supervision

### (As Against City)

50. PLAINTIFF incorporates by reference the above paragraph as though fully stated herein:
51. As a direct and proximate result of the DEFENDANTS' conduct alleged herein, PLAINTIFF has suffered general and special damages including, without limitation, harm to PLAINTIFF'S reputation, emotional distress, expense related to medical treatment concerning health issues, including but not limited to surgery suffered as a result of the stress and trauma caused by defendants, expense incurred in defense and repair of her lost earnings, and other pecuniary loss, all of which are in excess of $75,000.
52. THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial for all causes of action and issues which may be determined by jury under federal and/or California law.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS, and each of them, on each and every cause of action as follows:

1. For general damages according to proof at trial;
2. For special damages according to proof at trial;
3. For an award of exemplary damages;

4. For an award of attorneys' fees permissible under 42 U.S.C. §1988;

5. For an award of PLAINTIFF'S costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper

Dated: Dec. 25, 2023

                                            Respectfully submitted,

                                            /S/ Jane Doe

                                            Jane Doe

Ext 1 City letter

[COMPLAINT]   -   7



**CUPERTINO**

OFFICE OF THE CITY ATTORNEY
CITY HALL
10300 TORRE AVENUE • CUPERTINO, CA 95014-3255
TELEPHONE: (408) 777-3403 • FAX: (408) 777-3366
CUPERTINO.ORG

SENT VIA CERTIFIED MAIL AND UNITED STATES MAIL

June 27, 2023

To: Huang Family, Does 1-10
6146 Bollinger Road, #472
San Jose, CA 95129

Re: Claim of Huang Family, Does 1-10

NOTICE IS HEREBY GIVEN that the claim for damages you presented to the City of Cupertino (City) on June 15, 2023 was rejected by the City on June 27, 2023.

## WARNING

Subject to certain exceptions, you have only six (6) months after the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

As allowed by California Code of Civil Procedure Sections 128.5 and 1038, the City will seek to recover all incurred costs and attorney fees from you and your attorney should you ultimately serve the City with a lawsuit and it is later determined that the suit was not brought in good faith or on reasonable grounds. If you feel you must name the City in the lawsuit to protect yourself, we urge you not to serve the City with a summons and complaint until you are certain that there is a justiciable dispute with the City.

Very truly yours,

*Christopher D. Jensen*

Christopher D. Jensen, City Attorney

cc: Plan JPA