```
Jane Doe
Mail: #700472 Orchard
4285 Payne Ave,
San Jose, CA 95117
Plaintiff in Pro Per
```

**FILED**
MAR 28 2024
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, Does 1-10<br>    Plaintiff/Petitioner<br><br>vs.<br><br>MARLENE DEHLINGER, CITY OF CUPERTINO, Does 1-50<br>    Defendant, | Case No.: 23-cv-06657PCP<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM<br>Date: May $2^{nd}/9^{th}$, 24'. |

TO DEFENDANTS, RELIEF DEFENDANTS, AND ALL OTHER INTERESTED PARTIES: Please take notice that pursuant to the Court's Order (Dkt. No. 10), on and about Mar. 7, filed motion to proceed under pseudonym. On May 2nd or 9th, 2024, or as soon thereafter as counsel may be heard by the Court, Plaintiff Jane Doe ("Plaintiff") will and hereby does move the Court for the order to proceed under pseudonym against Defendants/

### MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe ("Plaintiff") respectfully request this Court's leave to proceed under pseudonyms to protect their identities from public disclosure while they pursue their right to file a complaint with this Court.

Plaintiff Jane Doe lives in Cupertino, CA, as part of resident Doe family, who has been victim of local government over reach, has twice lost property and belonging without notice. Last time was on about May. 2023. While City continues its nonstop prosecution and persecution, deliberately publish personal information, while retaliatory falsely label Plaintiff, ban any appeal and motion, sent plaintiff in financial peril, causing defamation, threat, safety issues, put great danger, further jeopardize residents' normal living towards Plaintiff..

Jane Doe fears disclosure of her real name in this lawsuit because she worries that by disclosing her name and case status she could put at risk for exposure to herself and her family members. Jane Doe knows there are others in CA who disagrees with the government overreach, and she is worried that someone may try to retaliate against her or her family if they know of her non protection status or her participation in this case trying to stop local

"[PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM]" - 1

government from obtaining her personal information. *(Ref. complaint on file)*. Jane Doe has small error in complaint that might left partial name there, but intended to redact it to serve,it.

As shown below, Petitioners' request satisfies the federal's standard for permitting a party to appear under a pseudonym. *See Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). Petitioners are challenging government action; the nature of the information they seek to protect is of the utmost intimacy; and release of their identities would make them vulnerable to extensive harassment, possible violent reprisals, and hostile public reaction were their identities disclosed to the public. Their need for privacy outweighs the public's interest in knowing their identities and any harm to the Parties from failure to disclose their names.

## BACKGROUND

On and off Dec. 28, 2023, Secretary Petitioners are concurrently filing a Complaint to curb privacy invasion and deprivation of rights that Petitioners seek permission from the Court to proceed using a pseudonyms.

## ARGUMENT

### A. Legal Standard

Although the Federal Rules of Civil Procedure require plaintiffs to disclose their names when they commence a lawsuit, FED. R. CIV. P. 10(a), this Court has long recognized the right of individuals to proceed anonymously through the use of a fictitious name. *Stegall*, 653 F.2d at 185. While recognizing that, as a general matter, there is "a clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property,'" *id.* (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)), this Court has held that the "normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter,'" *id.* (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)) ("*SMU*") (internal citation omitted).

Under precedent, there is "no hard and fast rule for courts to follow when deciding whether to allow a party to proceed under a fictitious name." *Stegall*, 653 F.2d at 185. Rather, the Court must decide whether the considerations calling for the maintenance of

a party's privacy outweigh the presumption of openness in judicial proceedings. *Id.* at 186; *see also Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215, 216 (E.D. Tex. 1997) Doe v. Coll.of E.Idaho, 2023 U.S.Dist.Lexis 109078 The Court considers the following factors when determining whether to permit proceeding under a fictitious name: where there is a need for the cloak of anonymity," and "it is necessary . . . to [*2] protect a person from harassment, injury, ridicule or personal embarrassment," the court may permit parties to proceed pseudonymously. *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (citing *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977)). Thus, a party may proceed anonymously when: "(1) identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature...." *Advanced Textile Corp.*, 214 F.3d at 1068. (internal quotation marks and citations omitted). District courts look to the following factors to determine a party's need for anonymity: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, the (3) anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *Id.* (citations omitted). "Lily" v. Little, 2023 U.S. Dist. LEXIS 230477. Petitioners' fears of this very real threat and harassment, even violence, weighs in favor of proceeding under pseudonyms. *See* Complaint on file.

**1. Petitioners seek to challenge government action**

Courts have long recognized that litigants may face threats of harassment and retaliation for speaking out against high-profile government action, and that this risk tips in favor of allowing parties to proceed anonymously.

Petitioners need not be attempting "to have a law or regulation declared invalid" in order to satisfy this portion of the standard. *El Paso City Hosp. Dist.*, 2015 WL 1507840, at *3 (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). Here, Petitioners are seeking to intervene to challenge government action implicating their privacy rights. Most acutely, Petitioners are challenging the actions of their home states in connection with the local agency and employees' lawsuit against the federal law that had tremendously saved Petitioners' lives—allowing them to regain deprived rights. In addition, Petitioners are seeking to advance the same goal as the federal government defendants, who have taken action to stay the federal court order that would require the transmission of Petitioners'

"[PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM]" - 3

personally identifying information and sensitive data. Last, and most fundamentally, Petitioners challenge the action of a federal district court that requires the federal government to surrender to that court Petitioners' highly sensitive personal information, which violates their constitutionally-protected right to privacy.

**2. The nature of Petitioners' sensitive and personal information justifies allowing them to proceed under pseudonyms.**

Here, by identifying as individuals subject to the on and about Feb. 1 Court Order, Petitioners necessarily reveal that they are the ones under local government over reach and have private information falsely published there. This information alone constitutes information of a highly sensitive and personal nature and favors allowing Petitioners to proceed anonymously. *See SMU,* 599 F.2d at 712-13. Courts have routinely recognized the particular vulnerability of ones 'risking of retaliatory physical or mental harm...' *Doe v. United States,* 2023 U.S.Dist.Lexis 153921.

When considering whether privacy, harassment, physical and emotional harm and more status is grounds to justify allowing parties to proceed anonymously courts have not isolated their analysis to ones in above nature, but have recognized that status more generally is incredibly sensitive and its revelation can subject the individual to adverse consequences including "criminal prosecution, harassment, and intimidation." *Hispanic Interest Coal. v. Gov. of Ala.*, 691 F.3d 1236, 1247 (11th Cir. 2012). *See also Does v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir.2000)

Petitioners also justifiably fear retaliation by the plaintiff states if their names are disclosed as a part of this legal action. Petitioners' home state of CA is leading the legal effort to deploy non stop prosecution and persecution, just has stated it would retaliate us to file any paper, proceed to force an order to a 10 fold retaliatory legal fee after the twice loss of the property and belongings without notice before the district court that it could.

**3. The public interest weighs in favor of allowing Petitioners to proceed under pseudonyms.**

Public interest weighs in favor of allowing the Petitioners to proceed under pseudonyms. It is in the public interest for the court to hear directly from us to this invasion

"[PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM]"   - 4

of privacy. Petitioners, if allowed to proceed as Does, can provide a critical viewpoint to this Court on the impact of the release of the personally identifying information that is part of previous order/s.

Plaintiff's use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Advanced Textile*, 214 F.3d at 1067. The use of a fictitious name also runs afoul of the requirement that every complaint "name all the parties." Fed.R.Civ.P. 10(a). Despite these concerns, public interest can actually weigh in favor of plaintiff's use of a pseudonym. On occasion, the use of a pseudonym "may allow greater public access to the information, files, and records at issue" in the dispute. *Armstrong*, 2017 WL 2636519 at *2. "With a plaintiff's identity protected, the facts underlying his situation may be disclosed to a greater degree than they otherwise would if his identity was known." *Id.* (cleaned up).

Public interest also favors allowing the Petitioners to proceed anonymously because what is at stake here is precisely Petitioners' right to privacy—a right that would be defeated if Petitioners were forced to proceed under their names and disclosing their personal information an status of falsely accused permit status, legal buidup and deprive of the rights.

**4. Allowing Petitioners to proceed under pseudonyms causes no prejudice to the parties in this case.**

Finally, other parties will suffer no prejudice if the Court permits Petitioners to proceed anonymously. This case turns on legal questions, not on the identities or credibility of any particular individuals. Thus, the public's interest in open judicial proceedings will not be affected if the Petitioners are permitted to proceed anonymously. *See Barrow County*, 219 F.R.D. 189, 194 (N.D. Ga. 2003). Unlike anonymous lawsuits against private parties, anonymous lawsuits "challenging the constitutional, statutory, or regulatory validity of government activity . . . involve no injury to the Government's reputation." *SMU*, 599 F.2d at 713. None of the parties face any prejudice here if the Petitioners are allowed to proceed under pseudonyms.

## B. CONCLUSION

Petitioners would be at risk of great harm if their identities were revealed. Permitting them to proceed anonymously would not materially harm the public interest in

open court proceedings; nor would it prejudice the respondents. Therefore, the Petitioners should be permitted to proceed under pseudonyms in this action.

Dated: Mar.23, 24'

Respectfully submitted,

/S/ *Jane Doe*

Jane Doe