UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>v.<br><br>MARLENE DEHLINGER, et al.,<br><br>       Defendants. | Case No. 23-cv-06657-PCP<br><br>**ORDER ON MOTION TO PROCEED UNDER PSEUDONYM AND MOTION TO CHANGE DEADLINE**<br><br>Re: Dkt. Nos. 19, 20 |

In this lawsuit, Plaintiff seeks permission to proceed under a pseudonym rather than in their own name. The Federal Rules of Civil Procedure, however, require that a "complaint must name all the parties." Fed. R. Civ. P. 10(a). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010).

Parties may use pseudonyms only "in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (cleaned up). Courts must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068.

Here, plaintiff has failed to clearly identify the harm that could result if their identity is disclosed. Plaintiff argues that they are challenging government action and that there is a risk of retaliation. The motion appears to focus on potential retaliation by the government, including the City of Cupertino, which is a defendant in this case, as well as the State of California. The motion also asserts that disclosure of plaintiff's identity could result in defamation, harassment, violent

reprisals, or hostile public reaction. These assertions are conclusory, however, and the motion does not provide further explanation of how or why these harms might materialize if plaintiff's identity is disclosed. This case also does not appear to involve the kinds of "sensitive and highly personal" matters that might warrant anonymity. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Moreover, to the extent the motion concerns retaliation by the City or other related government entities, allowing plaintiff to proceed under pseudonym is unlikely to shield their identity because the allegations of the complaint would enable the City to identify plaintiff even without a name.

For each of these reasons, Plaintiff's motion to proceed under pseudonym is denied. By April 23, 2024, Plaintiff is ordered to file an amended complaint under Plaintiff's legal name. Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff's deadline to serve the amended complaint on defendants will be 90 days after the amended complaint is filed. If no amended complaint is filed by April 23, 2024, or if an amended complaint is filed but defendants are not served within 90 days, the Court will dismiss this action without prejudice. Plaintiff is also free to file a voluntary notice of dismissal to dismiss this action without prejudice at any time before an opposing party files an answer. *See* Fed. R. Civ. P. 41(a)(1).

The April 18, 2024 Case Management Conference is vacated and will be rescheduled upon the filing and service of an amended complaint.

**IT IS SO ORDERED.**

Dated: April 9, 2024

P. Casey Pitts
United States District Judge