UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>             Plaintiff,<br><br>      v.<br><br>MARLENE DEHLINGER, et al.,<br><br>             Defendants. | Case No. 23-cv-06657-PCP<br><br>**ORDER EXTENDING DEADLINE TO FILE AMENDED COMPLAINT WITHOUT A PSEUDONYM**<br><br>Re: Dkt. No. 29 |

The pro se plaintiff in this case requested to proceed under pseudonym, filing as "Jane Doe" rather than using a real name. On April 9, 2024, the Court denied this request. Dkt. No. 21.

The Court explained that plaintiff had not clearly identified harm that would result if a real name were disclosed:

> Plaintiff argues that they are challenging government action and that there is a risk of retaliation. The motion appears to focus on potential retaliation by the government, including the City of Cupertino, which is a defendant in this case, as well as the State of California. The motion also asserts that disclosure of plaintiff's identity could result in defamation, harassment, violent reprisals, or hostile public reaction. These assertions are conclusory, however, and the motion does not provide further explanation of how or why these harms might materialize if plaintiff's identity is disclosed. This case also does not appear to involve the kinds of "sensitive and highly personal" matters that might warrant anonymity. Moreover, to the extent the motion concerns retaliation by the City or other related government entities, allowing plaintiff to proceed under pseudonym is unlikely to shield their identity because the allegations of the complaint would enable the City to identify plaintiff even without a name.

Dkt. No. 21 (cleaned up).

Because the original complaint did not include plaintiff's legal name, the Court ordered plaintiff to file an amended complaint with plaintiff's legal name by April 23, 2024. The Court

noted that if plaintiff did not file an amended complaint by that deadline, the case would be dismissed without prejudice. On plaintiff's request, the Court then extended the deadline to file an amended complaint to May 31, 2024. Plaintiff then requested that the Court reconsider its decision not to allow use of a pseudonym. After granting plaintiff leave to file a motion for reconsideration, the Court ultimately denied plaintiff's motion for reconsideration. The Court explained:

> While the situations plaintiff describes are serious, plaintiff has still not shown how there is likely to be any risk that would arise simply from proceeding under plaintiff's own name rather than a pseudonym in this litigation. Accordingly, the Court will not reconsider its initial determination. Plaintiff must proceed under plaintiff's true name to pursue this litigation. Still, while plaintiff may not use a pseudonym, plaintiff may request to redact any other sensitive personal information (such as an address or other contact information) by filing a motion to seal.

Dkt. No. 28. The Court directed that plaintiff must file an amended complaint, using a true name instead of a pseudonym, by August 8, 2024, and that if no such complaint was filed this action would be dismissed without prejudice.

Plaintiff then filed an administrative motion to change the August 8, 2024 deadline. Dkt. No. 29. Upon review of this request, the Court will grant one final extension. Plaintiff may file an amended complaint that uses plaintiff's true name by **August 30, 2024**. The Court will not grant any additional extensions. If plaintiff does not file a complaint by that date, this action will be dismissed without prejudice and the Clerk shall close the case file. (Even if this action is dismissed, because it will be dismissed *without prejudice*, plaintiff may still seek to re-file a new case asserting the same claims at a later date.)

**IT IS SO ORDERED.**

Dated: August 12, 2024

P. Casey Pitts
United States District Judge