UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>　　　　　Plaintiff,<br>　　v.<br>MARLENE DEHLINGER, et al.,<br>　　　　　Defendants. | Case No. 23-cv-06657-PCP<br><br>**ORDER DISMISSING CASE AND DENYING REQUEST TO SEAL**<br><br>Re: Dkt. No. 31 |

　　　　The pro se plaintiff in this case has repeatedly requested to proceed under the pseudonym "Jane Doe." The Court denied this request on April 9, 2024 and ordered plaintiff to file an amended complaint by April 23, 2024. Since that time, the Court has granted three additional extensions, the most recent of which required plaintiff to file her amended complaint by August 30, 2024. Dkt. No. 30. On September 3, 2024, plaintiff filed a letter with the Court requesting: (1) an order sealing all files in this case, in case 22-cv-06822-BLF, and all related cases in California state courts; and (2) an additional extension to her filing deadline. For the reasons set forth below, the Court denies both requests.

**I.　　Plaintiff's request to seal is denied.**

　　　　There is a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Thus, a party seeking to seal documents must "minimize the number of documents filed under seal" and "avoid … sealing entire documents." N.D. Cal. Civil Local Rule 79-5(a). Plaintiff, however, seeks to seal the entire case docket. Though plaintiff has specified her reasons for seeking seal, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not compel sealing. *Kamakana*, 447 F.3d at 1179. Absent an articulation of specific factual

findings indicating that court documents may be used as "a vehicle for improper purposes, such as … to gratify private spite, promote public scandal, [or] circulate libelous statements," the Court will not order the sealing of individual documents or portions thereof, let alone the entire case docket. *Id*. Further, this Court lacks power to seal files in cases assigned to other judges or pending in other jurisdictions.

For the foregoing reasons, plaintiff's request to seal documents in this case, in case 22-cv-06822-BLF, and in any related case in California state court is denied.

## II. Plaintiff's request to extend the time for filing an amended complaint is denied.

On August 12, 2024, the Court granted plaintiff an extension to file an amended complaint using her legal name. The Court explained:

> Plaintiff may file an amended complaint that uses plaintiff's true name by **August 30, 2024**. The Court will not grant any additional extensions. If plaintiff does not file a complaint by that date, this action will be dismissed without prejudice and the Clerk shall close the case file. (Even if this action is dismissed, because it will be dismissed without prejudice, plaintiff may still seek to re-file a new case asserting the same claims at a later date.)

Dkt. No. 30. Plaintiff failed to file her amended complaint by August 30, 2024. Though this Court is sympathetic to plaintiff's desire to retain the benefit of the filing fee that she paid in connection with this case, she has had ample time to file an amended complaint, and the Court previously explained that it would not grant any further extensions. The Court therefore dismisses this action without prejudice. As previously noted, the dismissal is without prejudice, and the plaintiff may file a new case asserting the same claims at a later date (assuming they are timely).

**IT IS SO ORDERED.**

Dated: September 12, 2024

P. Casey Pitts
United States District Judge